JAMES CAGNEY, APPELLANT, v. THOMAS FISHER AND ANOTHER, RESPONDENTS.

SAME v. SAME.

*Motion to continue an injunction—right of the plaintiff to furnish additional affidavits— Code of Civil Procedure, sec. 627.*

The right to sustain an injunction by new affidavits when the motion to vacate is supported by affidavits furnished by the defendant, which is conferred by section 627 of the Code of Civil Procedure, is confined to motions to vacate, and does not include either by language or implication the case of a motion to continue an injunction order previously made.

In the latter case the right to furnish additional affidavits to sustain the injunction rests in the discretion of the court.

APPEAL from an order denying a motion to continue an injunction order, and from a further order denying a motion to resettle the first order.

*Daniel P. Hayes*, for the appellant.

*John H. Bird*, for the respondents.

DANIELS, J.:

The object of the injunction was to restrain each of the defendants from commencing or prosecuting an action against the plaintiff for the recovery of certain personal property, during the pendency of this action, which was brought for the recovery of a judgment of interpleader.

Upon the hearing of the motion an affidavit was presented, made by one of the defendants, showing that the plaintiff had been guilty of an intentional trespass in taking and removing the property in controversy from her possession; and that precluded him from maintaining an action of interpleader, for it proved the fact to be that he was not a mere bailee of the property, as was alleged to be the case in the complaint, but had acquired the possession of it by a positive wrong on his part.

Upon the hearing, when this affidavit was produced, the plaintiff asked leave to introduce additional proof in answer to it; but that was denied by the court. In that denial it has been urged that the court erred, and to support the allegation of error it has been claimed that the plaintiff had a positive right to introduce such further proof, and section 627 of the Code of Civil Procedure has been relied upon as securing that right. But while that section has provided for the reading of further affidavits on the part of the plaintiff, it has been made applicable only to motions to vacate or modify an injunction. It does not include either by its language, or any implication to be derived from it, the case of a motion to continue an injunction order previously made. Whether the proof produced by way of answer to the application, shall itself be opposed by further affidavits, is a matter resting in the discretion of the court hearing the application, and that discretion under the circumstances stated in the opposing affidavits does not appear to have been improperly exercised against the plaintiff in this case. If it had been shown that he could have

supplied proof which would have overcome the statements contained in the affidavit of the defendant, the case would have been different. But no proof of that description was offered to the court. All that was done was by way of request, that the case should be postponed to enable the plaintiff to produce such further evidence, without any authenticated statement that it could be obtained. The court deemed that to be insufficient, and it was rightly so considered, in view of the positive, as well as probable statements contained in the affidavit of the defendant, in proof of the fact that the plaintiff was not a bailee of the property, but had taken it of his own intentional wrong. The application was made to resettle the order by adding the statement that the plaintiff had requested leave to file or submit affidavits in reply. But it was not essential to any right of the plaintiff, that this statement should have been inserted in the order, and the court accordingly did not err in refusing the leave for which the application was made.

The orders should be affirmed, together with the usual costs and disbursements.

DAVIS, P. J., and BRADY, J., concurred.

Orders affirmed, with ten dollars costs and disbursements.